UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GERALD THOMAS SCHNEEMAN,

        Plaintiff,

v.                                   Case No.: 8:08-cv-00572-T-17

LIVE NATION MUSIC-TAMPA, LLC.
a Foreign Limited Liability Company. f/k/a
CC ENTERTAINMENT MUSIC-TAMPA, LLC,
a Foreign Limited Liability Company; and
LIVE NATION MUSIC GROUP, INC.,
a Foreign corporation. f/k/a
SFX MUSIC GROUP. INC.. a Foreign Corporation,

        Defendants.

_____/

## ORDER

This cause is before the Court on the Defendants' Motion to Dismiss the First Amended Complaint and Incorporated Memorandum of Law (Doc. No. 17), Plaintiff's Memorandum of Law in opposition (Doc. No. 18), Plaintiff's Motion to Allow Second Amended Complaint and Incorporated Memorandum of Law (Doc. No. 19), and Defendants' response (Doc. No. 20). Upon review of the pleadings, this Court finds that neither the Plaintiff's First Amended Complaint nor his proposed Second Amended Complaint adequately state their claims. Therefore, this Court grants the Defendants' Motion to Dismiss and the Plaintiff's Motion to File a Second Amended Complaint.

## BACKGROUND[1]

The Defendants, Live Nation Music-Tampa, LLC and Live Nation Music Group, Inc. (collectively, "Live Nation"), are foreign entities licensed to do business in the state

---

[1] The following facts are taken from the Plaintiff's First Amended Complaint (Doc. No. 13) in this cause and are accepted as true only for the purposes of resolving the pending motions.

of Florida. The Plaintiff, Gerald Thomas Schneeman ("Schneeman"), is a resident of the state of Illinois.

On November 22, 2006, the music bands, Aerosmith and Motley Crue, held a music concert at the Ford Amphitheater, located in Hillsborough County, Florida. Live Nation "did conduct, maintain, operate, and oversee" the concert. Schneeman attended the concert and was injured by a Motley Crue band member and by the Live Nation's security personnel. Specifically,

> during the performance of Motley Crue, the Plaintiff, GERALD THOMAS SCHNEEMAN, while standing directly in front of the stage where the live performance was taking place, was physically struck down with force by a band member of Motley Crue, who struck him in the head with his guitar, and thereafter jumped from the stage, landing upon the Plaintiff and knocking him to the ground, after which time the security personnel of Defendants intervened and began to physically assault, punch, kick, and drag the Plaintiff, GERALD THOMAS SCHNEEMAN, from the concert venue.

(Doc. No. 19, ¶ 10).

Schneeman brings four counts against Live Nation: 1) negligence, 2) premises liability, 3) vicarious liability for the assault and battery, and 4) a negligent hiring, retention and/or supervision.

## STANDARD OF REVIEW

Any defendant to a complaint may move to dismiss under Rule 12(b)(6) for "failure to state a claim on which relief can be granted." See Fed.R.Civ.P. 12(b)(6). In deciding whether to grant a motion to dismiss on these grounds, a court must accept "the allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." Starosta v. MBNA America Bank, N.A., 244 Fed. Appx. 939, 941 (11th Cir. 2007) (quoting from Manuel v. Convergys Corp., 430 F.3d 1132, 1139 (11th

Cir. 2005). The complaint must contain more than a statement of facts that creates a suspicion of a legally cognizable right of action. *Bell Atlantic Corp. et al. v. Twombly*. --- U.S. ----, ----, 127 S.Ct. 1955, 1965 (U.S. 2007).

## DISCUSSION

Upon review of the First Amended Complaint ("Complaint") (Doc. No. 13), this Court is unable to ascertain the Plaintiff's claims brought under the four Counts. Plaintiff's proposed Second Amended Complaint (Doc. No. 19) is also inadequate for the reasons stated below.

Part of the negligence claims in Counts I and II, and the assault and battery claim in Count III, appear to be based on vicarious liability for the battery allegedly committed by the security personnel. First off, it is unclear how the members of Motley Crue, Live Nation, the security personnel, and the Ford Amphitheater are related to each other. It appears from paragraph 5 of the Complaint that Live Nation was either a promoter of some type or an event planner. But it is unclear if Live Nation employed the bands, or if the bands employed Live Nation. Moreover, because the employment status of Live Nation is unclear, the employment status of the security personnel is necessarily unclear. Paragraph 10 of the Complaint implies a master-servant relationship between Live Nation and the security personnel. However, given that the relationships between the four parties (Ford Amphitheater, Live Nation, Motley Crue, and Aerosmith) are unknown, a more definite statement as to the security personnel's employment status is necessary for this Court to address claims that rely on the theory of respondeat superior.

Moreover, although it is ambiguous from the Complaint, Counts I and II appear to be based on two incidents: the alleged battery by the security personnel and the alleged

battery by the Motley Crue band member. This Court strongly urges Schneeman to bring a separate count for each incident, and to concisely lay out the four elements of each negligence claim – duty, breach, causation, and damages. For example, Schneeman could plead the negligence claim based on the Motley Crue's alleged battery in Count I and plead the negligence claim based on the security personnel's alleged battery in Count II, and lay out the elements for each claim.

For these reasons, Counts I and II fail to adequately state a claim at least to the extent that it is based on the battery committed by the security personnel. Count III fails completely since it is based entirely on the battery of the security personnel and the employer of the security personnel is currently unknown. This Court can only guess as to whether Schneeman intended to partly base Count III, or any of the other counts, on the battery committed by the Motley Crue band member and to hold Live Nation vicariously liable. If this is what Schneeman intended, again, the relationship between the members of the Motley Crue and Live Nation must be unequivocally established in the Complaint.

Another inadequacy with the premises liability claim in Count II is that the owner of the premises at the time of the concert is ambiguous. Therefore, this Court cannot ascertain who owed Schneeman the duty to maintain reasonably safe premises. Paragraph 25 states that Schneeman was a business invitee lawfully on the premises while attending the concert at the Ford Amphitheater. Then, paragraph 26 lists the duties Live Nation allegedly owed to Schneeman. Although this Court construes the allegations in favor of the Plaintiff, this Court cannot add missing but necessary allegations in order to shape a well-pleaded complaint.

Lastly, because the Complaint fails to clearly establish who employed the security personnel, the negligent hiring, retention and supervision claim in Count IV necessarily fails to adequately state a claim. Obviously, the employment status of the security personnel is a necessary element of such a claim. That said, this Court, for the sake of clarity, strongly urges Schneeman to bring his negligent hiring claim in one count, and his negligent retention and supervision claim in another count, and to concisely lay out the elements required for each claim.

Accordingly, it is:

**ORDERED** that the Defendants, Live Nation Music-Tampa, LLC and Live Nation Music Group, Inc.'s, Motion to Dismiss the First Amended Complaint and Incorporated Memorandum of Law (Doc. No. 17) is **GRANTED**, and Plaintiff Gerald Thomas Schneeman's Motion to Allow Second Amended Complaint (Doc. No. 19) is **GRANTED**. The Plaintiff shall file his Second Amended Complaint within ten (10) days from the date of this order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of July, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: All Parties and Counsel of Record